UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEMINOLE TRANSPORTATION
SPECIALISTS, INC.

    Plaintiff,

v.                                   CASE NO.: 8:09-cv-1885-T-23MAP

PDM BRIDGE, LLC and GREGG
MIZERK,

    Defendants.
_____/

## **ORDER**

The plaintiff sues (Doc. 1) the defendants, PDM Bridge, LLC ("PDM Bridge") and Gregg Mizerk ("Mizerk"), and alleges intentional tort claims and a breach of contract claim. The defendants file motions to dismiss (Docs. 4 & 6), which the plaintiff opposes (Docs. 10 & 11).

### Discussion

*I. Tortious Interference*

Mizerk asserts that count two of the complaint fails to state a claim. In Florida, "a party to a contract cannot sue another party for tortious business interference." Nautica Intern., Inc. v. Intermarine USA, L.P., 5 F. Supp. 2d 1333, 1345 (S.D. Fla. 1998) (citing cases and describing the rule as "well-established"). A cause of action for tortious interference exists only against a "stranger to the business relationship." Salit v. Ruden, McClosky, Smith, Schuster & Russell, 742 So. 2d 381, 385-86 (Fla. 4th DCA 1999);

West v. Troelstrup, 367 So. 2d 253, 255 (Fla. 1st DCA 1979). In this instance, count two fails to state a claim against PDM Bridge because PDM Bridge is a party to the contractual relationship with the plaintiff.

Count two fails to state a claim against Mizerk. Generally, "[a]n employer is responsible for the wrongful acts of its employee if the conduct of the employee is within the scope of . . . employment." 742 So. 2d at 385. Thus, no tortious interference results if an employee acting in the best interest of the employer induces the employer to breach a contract. See Sloan v. Sax, 505 So. 2d 526, 528 (Fla. 3d DCA 1987) (quoting Scussel v. Balter, 386 So. 2d 1227, 1228 (Fla. 3d DCA 1980)). In contrast, an employee tortiously interferes if the employee's act is detrimental to the employer's interest and motivated by an ulterior purpose. The employee, by acting outside the scope of employment, becomes a "stranger to the business relationship."

In this instance, the plaintiff alleges that Mizerk's conduct—breaching the contract with the plaintiff—occurred "within the course and scope of his employment and/or agency with PDM." (Doc. 1, ¶ 11) No allegation states that Mizerk acted either pursuant to an ulterior purpose or outside the scope of Mizerk's employment with PDM Bridge. Therefore, count two fails to state a claim against Mizerk for tortious interference.

*II. Insufficient Service*

The defendant, PDM Bridge, urges dismissal based on insufficient service of process. Specifically, PDM Bridge argues that the plaintiff's method service failed to comply with Rule 4(h)(1)(a), Federal Rules of Civil procedure, and Florida law. See Fla.

Stat. § 48.021. The plaintiff concedes that service was defective because the plaintiff's counsel "inadvertently omitted the waiver of service form." (Doc. 11) Nonetheless, plaintiff asserts that the plaintiff has cured the defective service because "[t]he summons and complaint have been reissued for personal service" to PDM Bridge. The plaintiff, however, fails to file proof of service showing that the plaintiff perfected service on PDM Bridge within the one hundred and twenty day time limit. Accordingly, the plaintiff fails to show that the plaintiff satisfied the plaintiff's obligation under Rule 4 and Florida law.

*III. Personal Jurisdiction & Venue*

Mizerk argues for dismissal based on a lack of personal jurisdiction and improper venue. The Florida long-arm statute permits the exercise of personal jurisdiction over a non-resident defendant for a cause of action arising out of a tort committed in Florida. Fla. Stat. § 48.193. The statute is interpreted as permitting the exercise of personal jurisdiction if the "'foreign tortious act cause[d] injury within the forum'" even though the tortious act occurred outside Florida. New Lenox Indus., Inc. v. Fenton, 510 F. Supp. 2d 893, 902 (M.D. Fla. 2007) (Hodges, J.) (quoting Cable/Home Comm. Corp. v. Network Prods., Inc., 902 F.2d 829, 857 (11th Cir. 1990)). In this instance, the plaintiff alleges tortious interference with a third party contract and defamation. Although the complaint fails to allege where the tortious act occurred, the complaint clearly alleges injury to the plaintiff in Florida. Therefore, the Florida long-arm statute permits the exercise of jurisdiction over the plaintiff's claim.

The complaint also satisfies the constitutional standard for the exercise of personal jurisdiction. The Due Process Clause of the Fourteenth Amendment requires an analysis of whether "each individual has sufficient minimum contacts with the forum . . . so that the exercise of personal jurisdiction does not offend 'traditional notions of fair pla[y] and substantial justice.'" 510 F. Supp. 2d at 903-04 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 326 (1945) (establishing the "minimum contacts" test for personal jurisdiction). Under the "minimum contacts" test, a single act such as an intentional tort "may support the exercise of personal jurisdiction over the nonresident defendant who has no other contacts with the forum." Licciardello v. Lovelady, 544 F.3d 1280, 1285 (11th Cir. 2008) (citing Calder v. Jones, 465 U.S. 783, 790 (1984)) (finding that "[a]n individual injured in California need not go to Florida to seek redress from persons who, though remaining in Florida, knowingly cause injury in California."). Accordingly, if "a defendant's tortious conduct is intentionally and purposefully directed at a resident of the forum, the minimum contacts requirement is met, and the defendant should anticipate being haled into court in that forum." 510 F. Supp. 2d at 904-05 & n.44. In this instance, counts three and five of the complaint allege intentional torts against Mizerk. Specifically, the plaintiff, a resident of Florida, alleges that Mizerk intentionally interfered with the plaintiff's business relationships in Florida and intentionally caused injury to the plaintiff's reputation in Florida. Therefore, the allegations support the exercise of personal jurisdiction in this matter.

In a case in which federal jurisdiction is based solely on diversity of citizenship, venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). In this instance, venue is proper in the Western District of Wisconsin under Section 1391(a)(1) because both defendants reside in the district. Mizerk argues that venue is improper in the Middle District of Florida under Section 1391(a)(2) because the complaint fails to allege the judicial district in which Mizerk's alleged tortious acts occurred.

A determination of "whether a substantial part of the events or omissions giving rise to the claim occurred in a particular district" requires consideration of "'only those acts and omissions that have a close nexus to the wrong.'" Rubber Resources, LLP v. Press, 2009 WL 211556, *1 (M.D. Fla. 2009) (Whittemore, J.) (quoting Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1372 (11th Cir. 2003)). In this instance, the same alleged act contributes to both the defamation and the tortious interference.[1] The plaintiff alleges that Mizerk communicated false and damaging information to subcontractors and potential clients of the plaintiff. Mizerk allegedly intentionally damaged the plaintiff's reputation in Florida and intentionally interfered with the plaintiff's business relationships in Florida. Accordingly, venue in Florida is proper because a

---

[1] The elements of defamation are (1) a false statement about the plaintiff, (2) published by the defendant, (3) to a third party, (4) causing damages to the plaintiff. Furmanite Am., Inc. v. T.D. Williamson, Inc., 506 F. Supp. 2d 1134, 1140 (M.D. Fla. 2007). The elements of tortious interference with a contract or business relationship are "(1) the existence of a business relationship . . . under which the plaintiff has legal rights; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the interference." 742 So. 2d 385.

- 5 -

substantial part of the events giving rise to the plaintiff's claim against Mizerk occurred in Florida.

Additionally, Mizerk argues that this action should be transferred to the Jacksonville Division of the Middle District.  According to Local Rule 1.02(c), a case "shall be instituted in that Division encompassing the county or counties having the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or principal place of business of the parties."  Under the rule, the Tampa Division is proper.  The plaintiff's principal place of business is in Pasco County and the plaintiff alleges damage to the plaintiff's reputation and business relationships in Pasco and surrounding counties.  Accordingly, although some of Mizerk's alleged conduct occurred in Putnam County, the Tampa Division has the greatest nexus with the cause of action.

### *IV. Count One*

Mizerk argues that, to the extent that count one states a breach of contract claim against Mizerk, count one fails to state a claim.  In response, the plaintiff concedes that the count one asserts breach of contract claim against PDM Bridge only.  Therefore, no need exists to discuss the merit of a breach of contract claim against Mizerk.

### Conclusion

Accordingly, PDM Bridge's motion to dismiss (Doc. 6) is **GRANTED** and the plaintiff's claims against PDM Bridge are **DISMISSED**.  Mizerk's motion to dismiss

(Doc. 4) is **GRANTED IN PART**. Count two is **DISMISSED** for failure to state a claim against Mizerk. In all other respects, Mizerk's motion is **DENIED**.

ORDERED in Tampa, Florida, on November 16, 2009.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE